[Cite as *Mentor v. Rousseau*, 2016-Ohio-3011.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF MENTOR, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2016-L-021** |
| KIMBERLEY J. ROUSSEAU, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Mentor Municipal Court, Case No. 15 TRD 04279.

Judgment:  Appeal dismissed.

*Lisa M. Klammer*, Mentor City Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Michael J. Feldman,* Lallo & Feldman Co., L.P.A., Interstate Square Building I, 4230 State Route 306, #240, Willoughby, OH  44094 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    On February 29, 2016, appellant, Kimberley J. Rousseau, by and through counsel, filed her notice of appeal from a January 27, 2016 judgment entry issued by Mentor Municipal Court.  The appealed judgment indicates that appellant was found guilty of failure to yield and she was sentenced to a $50 fine and court costs.

{¶2}    App.R. 4(A)(1) states in part:

{¶3}    "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶4} In this case, appellant's notice of appeal was due no later than February 26, 2016, which was not a holiday or a weekend. Since appellant's notice of appeal was not filed until February 29, 2016, the appeal is untimely by three days.

{¶5} App.R. 5(A) states, in relevant part:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings;

{¶8} "(b) Delinquency proceedings; and

{¶9} "(c) Serious youthful offender proceedings.

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶11} In the present case, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor sought leave to appeal. Thus, this court is without jurisdiction to consider the appeal. Appellant has a remedy under App.R. 5(A) to file an untimely appeal from a criminal judgment.

{¶12} Based upon the foregoing analysis, the appeal is hereby sua sponte dismissed as being untimely.

{¶13} Appeal dismissed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J., concur.

2